UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TOBIAH NELSON | Case Number |
| Plaintiff | |
| vs. | CIVIL COMPLAINT |
| NCO FINANCIAL SYSTEMS, INC. | JURY TRIAL DEMANDED |
| Defendant | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Tobiah Nelson, by and through his undersigned counsel, Brent F. Vullings, Esquire, of Vullings Law Group, LLC, complaining of Defendant, and respectfully avers as follows:

**I.     INTRODUCTORY STATEMENT**

1. Plaintiff, Tobiah Nelson, is an adult natural person and he brings this action for actual and statutory damages and other relief against Defendant, NCO, for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**II.     JURISDICTION**

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Plaintiff resides in this District.

### III.     PARTIES

4. Plaintiff, Tobiah Nelson, (hereafter, Plaintiff) is an adult natural person residing at 260 Southard Avenue, Farmingdale, NJ 07727. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, NCO Financial Systems, Inc. (hereafter, Defendant, NCO), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the State of New Jersey with a principal place of business located at 507 Prudential Road, Horsham, PA 19044.

6. Defendant, NCO, is engaged in the collection of debts from consumers using the telephone and mail. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.     FACTUAL ALLEGATIONS

7. In or around February, 2013, Plaintiff started to receive calls from the Defendant to his personal cell phone attempting to collect on a debt allegedly owed on a past due medical invoice.

8. Plaintiff is not certain of how much is said to be due.

9. During Defendant's first call, Plaintiff was asked for personal information such as his social security number and his full name and address despite not fully disclosing who they were.

10. Plaintiff refused to turn over the requested information.

11. Plaintiff informed the Defendant that he did not have any money and he could not make arrangements at this time.

12. Plaintiff asked the Defendant to stop calling.

13. Defendant continued to call daily demanding payment.

14. During one such call in April, 2013, the Plaintiff received a call from a male agent of the Defendant who was rude and belittling and wanted to know why the Plaintiff was not making payment on this account.

15. Plaintiff quickly ended the call.

16. The same male agent, who did not give his name, called the Plaintiff right back and stated that the Plaintiff needed to act like a man and pick up the phone.

17. The Plaintiff asked the agent if he had really just told him to act like a man.

18. The male agent continued on with his verbal assault on the Plaintiff telling him, yes, I told you top act like a man and pay your bills.

19. On or about April 18, 2013, Plaintiff again spoke with an agent of the Defendant and requested an address so that he could send a cease and desist letter.

20. The agent refused to give an address.

21. Plaintiff states that at that time, during the same call, the agent started to speak in Spanish.

22. The Plaintiff is unaware of what Defendant's agent was saying.

23. Plaintiff again requested the Defendant's address.

24.     Defendant's agent again refused and hung-up on the Plaintiff.

25.     As of the filing of this complaint, the Plaintiff has never received anything in writing from the Defendant.

26.     The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

27.     Defendant, NCO, knew or should have known that their actions violated the FDCPA.  Additionally, Defendant, NCO, could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

28.     At all times pertinent hereto, Defendant was acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendant herein.

29.     At all times pertinent hereto, the conduct of Defendant as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

30.     As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff reputation, invasion of privacy, damage to Plaintiff credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## **COUNT I - FDCPA**

31. The above paragraphs are hereby incorporated herein by reference.

32. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" defined by 15 U.S.C. § 1692a(5).

33. The foregoing acts and omissions constitute violations of the FDCPA, including, but not limited to, violations of:

| | | |
|---|---|---|
| §§ 1692d | | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5) | | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e | | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10) | | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f | | Any unfair or unconscionable means to collect or attempt to collect an alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, NCO Financial Systems, Inc. for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

    c.    Reasonable attorney's fees and litigation expenses, plus costs of suit;

    d.    Such addition and further relief as may be appropriate or that the interests of justice require.

    d.    Such addition and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

**Date: June 21, 2013**

BY: */s/Brent F. Vullings*
     Brent F. Vullings, Esq.
     Vullings Law Group, LLC
     3953 Ridge Pike
     Suite 102
     Collegeville, PA 19426
     (P): 610-489-6060
     (F): 610-489-1997
     Attorney for Plaintiff